UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
-----------------------------------------------------------X
MARILYN VILLARREAL　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　　　　　　　　　　　: [_____ Civ. _____(____)(____)]
v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　: **COMPLAINT**
HAVERTY FURNITURE COMPANIES, INC.　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　: 　　　JURY TRIAL DEMANDED
　　　　　　　Defendant ,　　　　　　　　　　　　　　:
-----------------------------------------------------------X

MARILYN VILLARREAL, by and through her attorney, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, MARILYN VILLARREAL, brings this action against HAVERTY FURNITURE COMPANIES, INC., ("HAVERTY'S") for violations of the Family and Medical Leave Act (FMLA) (29 U.S.C. §2601, *et seq*.), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201, and Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA").

2. MARILYN VILLARREAL worked for HAVERTY'S for more than thirteen (13) years. During her tenure at HAVERTY'S, MARILYN VILLARREAL had satisfactory job performance even during a battle with breast cancer. Despite MARILYN VILLARREAL's many achievements, HAVERTY'S interfered with MARILYN VILLARREAL's right to FMLA leave by constructively discharging her in retaliation for taking FMLA leave, and due to her disability

and age. HAVERTY's replaced MARILYN VILLARREAL with a younger individual who did not appear to suffer from a disability and who did not have a need to take FMLA. As a result, MARILYN VILLARREAL has suffered significant monetary damages.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617, in that these are civil actions arising under the FMLA , ADEA, and the ADA.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that HAVERTY'S conducts business in this district, under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and 28 U.S.C. § 1391(b)(3), in that HAVERTY'S is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**CONDITIONS PRECEDENT**

5. On or about August 29, 2019, MARILYN VILLARREAL timely filed a charge of age and disability discrimination and FMLA retaliation with the Equal Employment Opportunity Commission.

6. On or about December 4, 2019, the EEOC issued MARILYN VILLARREAL a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. MARILYN VILLARREAL has fully complied with all prerequisites to jurisdiction in this Court under the FMLA, ADEA, and ADA.

**PARTIES**

7. Plaintiff, MARILYN VILLARREAL, resides in Fort Myers, Florida. Plaintiff is a citizen of the United States of America.

8. MARILYN VILLARREAL was an employee of HAVERTY'S, as defined by the FMLA, ADEA, and ADA.

9. Upon information and belief, HAVERTY'S is an employer as defined by the FMLA, ADEA, and ADA.

10. Upon information and belief, HAVERTY'S is a Maryland Corporation with corporate headquarters located in Atlanta, GA. HAVERTY'S maintains offices and does business in Fort Myers, Florida. HAVERTY'S is an employer as defined by the FMLA, ADEA, and ADA.

**FACTS**

11. MARILYN VILLARREAL began working for HAVERTY'S on or around May 13, 2005.

12. In the years prior to 2014, 2015, 2016, and 2018, MARILYN VILLARREAL worked for HAVERTY'S on a full-time basis, and worked more than 1,250 hours.

13. HAVERTY'S employ(s) more than 50 employees within a 75-mile radius of MARILYN VILLARREAL's workplace.

14. During her tenure, MARILYN VILLARREAL's work performance met or exceeded HAVERTY'S legitimate expectations. MARILYN VILLARREAL's reviews of her performance were consistently satisfactory.

15. Prior to 2014, HAVERTY'S recognized MARILYN VILLARREAL's accomplishments by promoting her with additional responsibilities.

16. In or around September 2014, MARILYN VILLARREAL first requested intermittent medical leave due to her diagnosis of breast cancer.

17. Due to MARILYN VILLARREAL's ongoing treatment for breast cancer, she was on medical leave or intermittent medical leave for the following approximate time periods:

    (a)    10/7/14 – 11/7/14: Intermittent Medical Leave;

    (b)    3/10/15 – 4/20/15: Medical Leave;

    (c)    6/8/16 – 7/5/16: Intermittent Medical Leave;

    (d)    11/15/16 – 5/15/17: Medical Leave; and

    (e)    7/1/18 – 7/19/18: Medical Leave.

18. Intermittent Medical Leave was an altered/partial status which allowed MARILYN VILLARREAL to have time off as needed for treatments, doctor's visits, and if she was too sick or weak to come into work.

19. After July 2016, shortly after MARILYN VILLARREAL returned from her FMLA Intermittent Medical Leave, HAVERTY'S became overly critical of MARILYN VILLARREAL's work performance.

20. Prior to MARILYN VILLARREAL's FMLA medical leave, none of MARILYN VILLARREAL's previous supervisors criticized her work product/performance.

21. Although nothing had changed about MARILYN VILLARREAL's performance, HAVERTY'S regularly found fault in MARILYN VILLARREAL's work.

22. For example, beginning in or around November 2016, while MARILYN VILLARREAL was on Medical Leave, HAVERTY'S

    (a)    demoted MARILYN VILLARREAL from an Office Coordinator to an Office Assistant;

(b) relocated MARILYN VILLARREAL from its Fort Myers Store to its Port Charlotte Store increasing her commute by forty-five (45) minutes;

(c) and reduced the number of hours MARILYN VILLARREAL worked (thereby reducing MARILYN VILLARREAL's compensation.

23. HAVERTY's discriminatory actions continued when it replaced MARILYN VILLARREAL with a younger individual who did not appear to suffer from a disability or have a need for medical leave.

24. Upon HAVERTY's demoting MARILYN VILLARREAL, her supervisor told her she could "take it" or "quit". As a result, MARILYN VILLARREAL never complained of HAVERTY'S discriminatory treatment of her,

## COUNT ONE
## Interference in Violation of the Family and Medical Leave Act
## 29 U.S.C. 2615(a)(1)

25. MARILYN VILLARREAL repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. §2601 *et seq*. because it is a private business that employed fifty or more employees for each working day for at least twenty workweeks in the years prior to MARILYN VILLARREAL's leaves.

27. MARILYN VILLARREAL was an FMLA-eligible employee because she was employed by HAVERTY'S for over nine (9) years prior to requesting FMLA leave and had been employed by HAVERTY'S for over 1,250 hours in the twelve-month period prior to her initial request and each subsequent request.

28. MARILYN VILLARREAL was entitled to FMLA leave because she was diagnosed with breast cancer and needed to undergo life-saving treatment to recover.

5

29. In accordance with the FMLA, MARILYN VILLARREAL notified HAVERTY'S of her need to take FMLA medical leave and intermittent leave.

30. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying MARILYN VILLARREAL's rights provided under the Act.

31. Defendant's action foreclosed MARILYN VILLARREAL's rights under the FMLA, including but not limited to the right to be returned to her position and be free from threats and harassment for exercising her rights under the law.

32. As a direct and proximate result of Defendant's wrongful acts and omissions, MARILYN VILLARREAL has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorney's fees and costs, and other damages as recoverable by law.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

D. Award to Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

### COUNT TWO

**Retaliation in Violation of the Family and Medical Leave Act**
**29 U.S.C. §2615(a)(2)**

33. MARILYN VILLARREAL repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34. MARILYN VILLARREAL exercised her FMLA rights by taking FMLA leave from her job during the following periods:

 (a) 10/7/14 – 11/7/14: Intermittent Medical Leave;

 (b) 3/10/15 – 4/20/15: Medical Leave;

 (c) 6/8/16 – 7/5/16: Intermittent Medical Leave;

 (d) 11/15/16 – 5/15/17: Medical Leave; and

 (e) 7/1/18 – 7/19/18: Medical Leave.

35. MARILYN VILLARREAL was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

36. MARILYN VILLARREAL suffered an adverse employment action in that she was demoted and subjected to adverse employment actions to include unjustified scrutiny of her work.

37. Defendant's disparate treatment of MARILYN VILLARREAL began shortly after MARILYN VILLARREAL returned to work from FMLA leave.

38. HAVERTY'S alleged reasons for demoting and relocating MARILYN VILLARREAL's employment is pretextual and baseless. HAVERTY'S demoted, relocated and scrutinized MARILYN VILLARREAL because she took medical leave under the FMLA.

39. Defendant's conduct constitutes unlawful retaliation against MARILYN VILLARREAL in violation of MARILYN VILLARREAL's rights under the FMLA. 29 U.S.C. §2615(a).

40. As a direct and proximate result of Defendant's wrongful acts and omissions, MARILYN VILLARREAL has suffered and continues to suffer substantial losses, including past

and future lost wages and benefits. Plaintiff is also entitled liquidated damages and attorney's fees and costs, and other damages as recoverable by law.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

D. Award to Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT THREE
### DISCRIMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§ 12201 ET SEQ.

41. MARILYN VILLARREAL repeats and realleges paragraphs 1 through 15 and 22 through 24 hereof, as if fully set forth herein.

42. MARILYN VILLARREAL began working for Defendant on May 13, 2005. At the time Defendant hired MARILYN VILLARREAL, she was 47 years old.

43. During her tenure, MARILYN VILLARREAL had satisfactory job performance.

44. Defendant recognized MARILYN VILLARREAL's accomplishments by promoting her and awarding her with bonuses and raises.

45. Despite these accomplishments, HAVERTY'S marginalized MARILYN VILLARREAL while treating younger similarly situated employees more favorably.

46. When MARILYN VILLARREAL was 59 years old, Defendant summarily demoted MARILYN VILLARREAL allegedly because she violated company policy. At the time

HAVERTY'S demoted MARILYN VILLARREAL, there were no similarly situated employees who were older than MARILYN VILLARREAL.

47. Tellingly, Defendant replaced MARILYN VILLARREAL with, a woman, younger than MARILYN VILLARREAL, who has less experience in the industry than MARILYN VILLARREAL and had been with the company for less than MARILYN VILLARREAL.

48. As a result of HAVERTY'S unlawful actions, MARILYN VILLARREAL has been damaged.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award to Plaintiff liquidated damages incurred in connection with this action;

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT FOUR

**Discrimination in Violation of the Americans with Disabilities Act,
42 U.S.C. §§ 12181 *et seq*.**

49. MARILYN VILLARREAL repeats and realleges paragraphs 1 through 15 and 22 through 24 hereof, as if fully set forth herein.

50. MARILYN VILLARREAL, having been diagnosed with breast cancer in or around 2014 was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended. As a result of MARILYN VILLARREAL's disability, major life activities, such as working and driving, were substantially limited.

51. Following her diagnosis, MARILYN VILLARREAL informed HAVERTY'S that she would need a reasonable accommodation consisting of a limited work schedule. MARILYN VILLARREAL provided Defendant with a doctor's note to support her request for a limited work schedule.

52. HAVERTY'S marginalized MARILYN VILLARREAL while treating similarly-situated employees more favorably. For example, MARILYN VILLARREAL was reprimanded for completing tasks completed by other employees who did not appear to suffer from a disability.

53. Defendant also demoted MARILYN VILLARREAL for violating company policy. However, Defendant's reason was pretext and retaliatory due to MARILYN VILLARREAL's disability.

54. MARILYN VILLARREAL suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

55. Defendant intentionally violated MARILYN VILLARREAL's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: March 4, 2020
Fort Myers, FL

> LIGHT PATH LAW, P.A.
> *Attorney for Plaintiff*
> 3620 Colonial Blvd., Suite 130
> Fort Myers, Florida 33966
> (239) 689-8481 (Phone)
> (239) 294-3930 (Facsimile)
>
>  */s/ Kristie A. Scott*
> Kristie A. Scott, Esquire
> Florida Bar No. 108111
> Primary email: KScott@LightPathLaw.com
> Secondary: WLawrence@LightPathLaw.com